1

2        **UNITED STATES DISTRICT COURT**

3        **DISTRICT OF NEVADA**

4

5    KENYA M. JAMES,                          Case No.: 2:18-cv-01322-MMD-NJK

6            Plaintiff(s),                    **REPORT AND RECOMMENDATION**

7    v.

8    ANDREW SAUL,

9            Defendant(s).

10       On October 15, 2019, this case was reassigned to the undersigned magistrate judge. Docket

11 No. 23. This case involves judicial review of administrative action by the Commissioner of Social

12 Security ("Commissioner") denying Plaintiff's application for disability insurance benefits

13 pursuant to Titles II and XVI of the Social Security Act. Currently before the Court is Plaintiff's

14 Motion for Reversal and/or Remand. Docket No. 15. The Commissioner filed a response in

15 opposition and a cross-motion to affirm, Docket Nos. 19, 20, and Plaintiff filed a reply. Docket

16 No. 21. This action was referred to the undersigned magistrate judge for a report of findings and

17 recommendation.

18 **I.      STANDARDS**

19       A.     Judicial Standard of Review

20       The Court's review of administrative decisions in social security disability benefits cases

21 is governed by 42 U.S.C. § 405(g). *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002).

22 Section 405(g) provides that, "[a]ny individual, after any final decision of the Commissioner of

23 Social Security made after a hearing to which he was a party, irrespective of the amount in

24 controversy, may obtain a review of such decision by a civil action . . . brought in the district court

25 of the United States for the judicial district in which the plaintiff resides." The Court may enter,

26 "upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing

27 the decision of the Commissioner of Social Security, with or without remanding the cause for a

28 rehearing." *Id.*

1

1    The Commissioner's findings of fact are deemed conclusive if supported by substantial
2 evidence. *Id.* To that end, the Court must uphold the Commissioner's decision denying benefits
3 if the Commissioner applied the proper legal standard and there is substantial evidence in the
4 record as a whole to support the decision. *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005).
5 Substantial evidence is "more than a mere scintilla," which equates to "such relevant evidence as
6 a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, ___
7 U.S. ____, 139 S. Ct. 1148, 1154 (2019). "[T]he threshold for such evidentiary sufficiency is not
8 high." *Id.* In determining whether the Commissioner's findings are supported by substantial
9 evidence, the Court reviews the administrative record as a whole, weighing both the evidence that
10 supports and the evidence that detracts from the Commissioner's conclusion. *Reddick v. Chater*,
11 157 F.3d 715, 720 (9th Cir. 1998).

12    Under the substantial evidence test, the Commissioner's findings must be upheld if
13 supported by inferences reasonably drawn from the record. *Batson v. Comm'r, Soc. Sec. Admin.*,
14 359 F.3d 1190, 1193 (9th Cir. 2004). When the evidence will support more than one rational
15 interpretation, the Court must defer to the Commissioner's interpretation. *Burch v. Barnhart*, 400
16 F.3d 676, 679 (9th Cir. 2005). Consequently, the issue before this Court is not whether the
17 Commissioner could reasonably have reached a different conclusion, but whether the final decision
18 is supported by substantial evidence.

19    It is incumbent on the Administrative Law Judge ("ALJ") to make specific findings so that
20 the Court does not speculate as to the basis of the findings when determining if the Commissioner's
21 decision is supported by substantial evidence. The ALJ's findings should be as comprehensive
22 and analytical as feasible and, where appropriate, should include a statement of subordinate factual
23 foundations on which the ultimate factual conclusions are based, so that a reviewing court may
24 know the basis for the decision. *See, e.g., Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir.
25 1990).

26    B.    Disability Evaluation Process

27    The individual seeking disability benefits bears the initial burden of proving disability.
28 *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995). To meet this burden, the individual must

1  demonstrate the "inability to engage in any substantial gainful activity by reason of any medically
2  determinable physical or mental impairment which can be expected . . . to last for a continuous
3  period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  More specifically, the individual
4  must provide "specific medical evidence" in support of his claim for disability.  *See, e.g.*, 20 C.F.R.
5  § 404.1514.  If the individual establishes an inability to perform his prior work, then the burden
6  shifts to the Commissioner to show that the individual can perform other substantial gainful work
7  that exists in the national economy.  *Reddick*, 157 F.3d at 721.

8        The ALJ follows a five-step sequential evaluation process in determining whether an
9  individual is disabled.  *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987) (citing 20 C.F.R. §§ 404.1520,
10 416.920).    If at any step the ALJ determines that he can make a finding of disability or
11 nondisability, a determination will be made and no further evaluation is required.  *See Barnhart v.*
12 *Thomas*, 540 U.S. 20, 24 (2003); *see also* 20 C.F.R. § 404.1520(a)(4).  The first step requires the
13 ALJ to determine whether the individual is currently engaging in substantial gainful activity
14 ("SGA").  20 C.F.R. § 404.1520(b).  SGA is defined as work activity that is both substantial and
15 gainful; it involves doing significant physical or mental activities usually for pay or profit.  20
16 C.F.R. § 404.1572(a)-(b).  If the individual is currently engaging in SGA, then a finding of not
17 disabled is made. If the individual is not engaging in SGA, then the analysis proceeds to the second
18 step.

19       The second step addresses whether the individual has a medically determinable impairment
20 that is severe or a combination of impairments that significantly limits him from performing basic
21 work activities.  20 C.F.R. § 404.1520(c).  An impairment or combination of impairments is not
22 severe when medical and other evidence does not establish a significant limitation of an
23 individual's ability to work.  *See* 20 C.F.R. §§ 404.1521, 404.1522.  If the individual does not have
24 a severe medically determinable impairment or combination of impairments, then a finding of not
25 disabled is made. If the individual has a severe medically determinable impairment or combination
26 of impairments, then the analysis proceeds to the third step.

27       The third step requires the ALJ to determine whether the individual's impairments or
28 combination of impairments meet or medically equal the criteria of an impairment listed in 20

1  C.F.R. Part 404, Subpart P, Appendix 1.  20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526.  If the

2  individual's impairment or combination of impairments meet or equal the criteria of a listing and

3  meet the duration requirement (20 C.F.R. § 404.1509), then a finding of disabled is made.  20

4  C.F.R. § 404.1520(d).  If the individual's impairment or combination of impairments does not

5  meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds

6  to the next step.

7        Before considering step four of the sequential evaluation process, the ALJ must first

8  determine the individual's residual functional capacity.  20 C.F.R. § 404.1520(e).  The residual

9  functional capacity is a function-by-function assessment of the individual's ability to do physical

10  and mental work-related activities on a sustained basis despite limitations from impairments.

11  Social Security Rulings ("SSRs") 96-8p.[1]  In making this finding, the ALJ must consider all of the

12  symptoms, including pain, and the extent to which the symptoms can reasonably be accepted as

13  consistent with the objective medical evidence and other evidence.  20 C.F.R. § 404.1529.  To the

14  extent that statements about the intensity, persistence, or functionally-limiting effects of pain or

15  other symptoms are not substantiated by objective medical evidence, the ALJ must evaluate the

16  individual's statements based on a consideration of the entire case record.  SSR 16-3p.  The ALJ

17  must also consider opinion evidence in accordance with the requirements of 20 C.F.R. § 404.1527.

18        The fourth step requires the ALJ to determine whether the individual has the residual

19  functional capacity to perform his past relevant work ("PRW").  20 C.F.R. § 404.1520(f).  PRW

20  means work performed either as the individual actually performed it or as it is generally performed

21  in the national economy within the last 15 years or 15 years prior to the date that disability must

22  be established.  In addition, the work must have lasted long enough for the individual to learn the

23  job and performed at SGA.  20 C.F.R. §§ 404.1560(b), 404.1565.  If the individual has the residual

24  functional capacity to perform his past work, then a finding of not disabled is made. If the

25

26

---

27  [1] SSRs constitute the Social Security Administration's official interpretations of the statute it administers and its regulations.  *See Bray v. Comm'r, Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009).  They are entitled to some deference as long as they are consistent with the Social

28  Security Act and regulations.  *Id.*

4

1  individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds

2  to the fifth and last step.

3        The fifth and final step requires the ALJ to determine whether the individual is able to do

4  any other work considering his residual functional capacity, age, education, and work experience.

5  20 C.F.R. § 404.1520(g).  If the individual is able to do other work, then a finding of not disabled

6  is made. Although the individual generally continues to have the burden of proving disability at

7  this step, a limited burden of going forward with the evidence shifts to the Commissioner.  The

8  Commissioner is responsible for providing evidence that demonstrates that other work exists in

9  significant numbers in the national economy that the individual can do.  *Lockwood v. Comm'r,*

10 *Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).

11 **II.    BACKGROUND**

12        A.    Procedural History

13        On September 30, 2014, Plaintiff filed applications for disability insurance benefits and

14 supplemental security income benefits, alleging a disability onset date of January 1, 2014.[2]  A.R.

15 239–45, 246–53.    Plaintiff's claims were denied initially on March 26, 2015, and upon

16 reconsideration on December 1, 2015.  A.R. 105, 106, 137, 138.  On January 22, 2016, Plaintiff

17 filed a request for a hearing before an ALJ.  A.R. 157–58.    On January 11, 2017, Plaintiff,

18 Plaintiff's counsel, and a vocational expert appeared for a hearing before ALJ Barry Jenkins.  *See*

19 A.R. 49–83.  On April 28, 2017, the ALJ issued an unfavorable decision finding that Plaintiff has

20 not been under a disability, as defined by the Social Security Act, through the act of the decision.

21 A.R. 25–44.  On May 22, 2018, the ALJ's decision became the final decision of the Commissioner

22 when the Appeals Council denied Plaintiff's request for review.  A.R. 1–7.

23        On July 19, 2018, Plaintiff commenced this action for judicial review pursuant to 42 U.S.C.

24 §§ 405(g) and 1383(c).  *See* Docket No. 1.  On October 15, 2019, this case was reassigned to the

25 undersigned magistrate judge.  Docket No. 23.

26 //

27

28        [2] On January 11, 2017, Plaintiff amended her onset date to January 1, 2016.  Administrative
   Record ("A.R.") 268.

1   B. The Decision Below

2   The ALJ's decision followed the five-step sequential evaluation process set forth in 20

3 C.F.R. § 404.1520. A.R. 28–38. At step one, the ALJ found that Plaintiff meets the insured status

4 requirements of the Social Security Act through December 30, 2019, and has not engaged in

5 substantial gainful activity since January 1, 2016. A.R. 30. At step two, the ALJ found that

6 Plaintiff has the following severe impairments: lupus; rheumatoid arthritis; borderline intellectual

7 functioning; learning disorder; and affective/mood disorder. A.R. 30. At step three, the ALJ found

8 that Plaintiff does not have an impairment or combination of impairments that meets or medically

9 equals the severity of one of the listed impairments in in 20 C.F.R. Part 404, Subpart P, Appendix

10 1. A.R. 31. The ALJ found that Plaintiff has the residual functional capacity to perform:

11

12

13
> light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can perform frequent postural activities. In addition, mentally the claimant is limited to simple tasks typical of unskilled occupations with no production rate pace work, only occasional interaction with coworkers, and no interaction with the public.

14 A.R. 33–37. At step four, the ALJ found that Plaintiff is unable to perform any past relevant work

15 as a fast food worker and babysitter. A.R. 37. At step five, the ALJ found that jobs exist in

16 significant numbers in the national economy that Plaintiff can perform based on her age, education,

17 work experience, and residual functional capacity. A.R. 38. In doing so, the ALJ defined Plaintiff

18 as a younger individual on the alleged onset date with a limited education, and able to communicate

19 in English.[3] A.R. 37. The ALJ considered Medical Vocational Rules, which provide a framework

20 for finding Plaintiff not disabled, along with vocational expert testimony that an individual with

21 the same residual functional capacity and vocational factors could perform work as a mail clerk,

22 routing clerk, stock checker, jewelry preparer, document preparer, and sticker. A.R. 38.

23   Based on all of these findings, the ALJ found Plaintiff not disabled through the date of the

24 decision and denied the application for a period of disability and disability insurance benefits and

25 supplemental security income. A.R. 39.

26 //

27

28  [3] The ALJ found the transferability of job skills immaterial to the determination of disability. A.R. 37.

1  **III.     ANALYSIS AND FINDINGS**

2          Plaintiff raises a single issue on appeal, submitting that the ALJ erred in giving little weight

3  to consultative examiner Dr. Stephanie Holland's opinion, and that the ALJ improperly opted

4  instead to rely on the opinion of state agency medical consultant Dr. Patrice Solomon.  Docket No.

5  15 at 5–11; *see also* Docket No. 21 at 3–4.  The Commissioner responds that the ALJ properly

6  discounted Dr. Holland's medical opinion about Plaintiff's allegedly disabling functional

7  limitation because of Plaintiff's poor effort during the consultative examination and Plaintiff's

8  then-ongoing work as a babysitter.  Docket No. 19 at 5–11.  The Commissioner has the better

9  argument.

10          Greater weight is usually accorded to the opinion of an examining physician than to a non-

11  examining physician.  *Andrews v. Shalala*, 53 F.3d 1035, 1040 (9th Cir. 1995).  An ALJ may reject

12  an examining doctor's contradicted opinion, however, by providing specific and legitimate reasons

13  for doing so based on substantial evidence in the record.  *See Bayliss v. Barnhart*, 427 F.3d 1211,

14  1216 (9th Cir. 2005).  The opinion of a non-examining physician, standing alone, is insufficient to

15  discount the opinion of an examining physician.  *See, e.g.*, *Pitzer v. Sullivan*, 908 F.2d 502, 506

16  n.4 (9th Cir. 1990).

17          Dr. Holland stated that Plaintiff "did not appear motivated and put forth minimal effort

18  during her examination."  A.R. 491.  As a result, Dr. Holland stated that the results of her

19  examination "are not considered a valid reflection of [Plaintiff's] functioning at this time."  A.R.

20  491.  Dr. Holland then opined that Plaintiff could not perform any work-related mental activities

21  on a sustained basis.  A.R. 491.  Dr. Solomon, however, opined that Plaintiff could understand,

22  perform, and sustain simple tasks with limited public contact.  A.R. 115.  The ALJ's weighing of

23  these opinions ultimately led the ALJ to conclude that Plaintiff could perform light work (except

24  she could perform frequent postural activities), mentally limited to simple tasks typical of unskilled

25  jobs with no production rate pace work, only occasional interaction with coworkers, and no

26  interaction with the public.  A.R. 33–37.

27          In so doing, the ALJ discounted the opinion of Dr. Holland because her examination results

28  did not appear to be valid, A.R. 36–37, and because the ALJ found that Plaintiff was working as a

1  babysitter at the time of the evaluation at over substantial gainful activity levels, A.R. 37. The

2  Court finds that the former finding is supported by substantial evidence and that the latter finding

3  is reasonable based on Plaintiff's testimony.  As noted by the ALJ, the record indicates that Dr.

4  Holland opined that Plaintiff only put forth minimal effort during her examination and, therefore,

5  Dr. Holland found that the results of her examination did not constitute a valid reflection of

6  Plaintiff's functional level.  A.R. 491.  The Court finds that Plaintiff's submission that Dr. Holland

7  "expressly took into account" her lack of motivation and minimal effort when making her ultimate

8  opinion is contrary to Dr. Holland's plain statement.  Docket No. 15 at 7.  This reason alone

9  supports the ALJ's decision to discount Dr. Holland's opinion.  Further, the Court finds that the

10  ALJ's conclusion regarding Plaintiff's babysitting work in 2015 is reasonable because Plaintiff

11  testified that she worked as a babysitter in 2015, earning more than the threshold amount for

12  substantial gainful activity, *see* A.R. 58–59, and no evidence in the record detracts from the ALJ's

13  conclusion. *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 523 (9th Cir. 2014) ("The court must

14  consider the record as a whole and weigh both the evidence that supports and the evidence that

15  detracts from the ALJ's factual conclusions.  If the evidence can reasonably support either

16  affirming or reversing, the reviewing court may not substitute its judgment for that of the

17  Commissioner."  (citations and internal quotation marks omitted)).

18       The Court therefore finds that the ALJ's opinion discounting the finding of Dr. Holland is

19  supported by substantial evidence, and is appropriate in weighing medical opinion evidence.

20  Accordingly, the Court finds that the ALJ did not err in discounting the opinion of Dr. Holland.

21  **IV.    CONCLUSION**

22       Based on the forgoing, the undersigned hereby **RECOMMENDS** that Plaintiff's Motion

23  for Reversal and/or Remand (Docket No. 15) be **DENIED** and that the Commissioner's Cross-

24  Motion to Affirm (Docket No. 19) be **GRANTED**.

25       Dated: January 14, 2020

26                                                    _____

27                                                    Nancy J. Koppe
                                                     United States Magistrate Judge

28

1

## **NOTICE**

2      This report and recommendation is submitted to the United States District Judge assigned

3  to this case pursuant to 28 U.S.C. § 636(b)(1).  A party who objects to this report and

4  recommendation must file a written objection supported by points and authorities within fourteen

5  days of being served with this report and recommendation.  Local Rule IB 3-2(a).  Failure to file

6  a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951

7  F.2d 1153, 1157 (9th Cir. 1991).

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28